**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHIPPENSBURG URBAN DEVELOPERS** | : | |
| | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 19-4775** |
| | : | |
| **UNITED STATES OF AMERICA** | : | |

| | | |
|---|---|---|
| **TRINITY HOUSING, INC.** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 19-4976** |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| | : | |

**McHUGH, J.**                                              **DECEMBER 30, 2020**

**MEMORANDUM**

These are two consolidated actions for wrongful levy of taxes under 28 U.S.C. § 7426, and to quiet title under 28 U.S.C. § 2410. Plaintiffs, Shippensburg Urban Developers ("Shippensburg") and Trinity Housing, Inc. ("Trinity"), are both Pennsylvania corporations that the Internal Revenue Service ("IRS") deemed to be operating as "alter-egos" of alleged delinquent taxpayer, Troy Beam.  Shippensburg Compl. ¶ 1, ECF No. 1, 19-4775; Trinity Compl. ¶ 1, ECF No. 1, 19-4976.  In 2019, to collect tax assessments of Beam, the IRS subjected the personal property of both Shippensburg and Trinity to notices of levy. Shippensburg Compl. ¶¶ 39-40; Trinity Compl. ¶¶ 36-37.  Plaintiffs allege that such actions rendered them insolvent. *Id.*  These cases contesting the Government's actions followed shortly thereafter.

Now, approximately one year later, Plaintiffs seek to amend their Complaints with two additional counts seeking damages for unauthorized collection actions under 26 U.S.C. § 7433 and 28 U.S.C. § 7426(h).  Pls.' Mot. to Amend Compl. 4; Shippensburg Proposed Am. Compl.

¶¶ 58-67, ECF No. 13-2; Trinity Proposed Am. Compl. ¶¶ 55-63, ECF No. 12-2.  The Government opposes the amendments, arguing they are futile because of sovereign immunity, and because of Plaintiffs' failure to exhaust administrative remedies.  Def.'s Resp. to Pls.' Mot. to Amend Compl. 4-7.  I agree that the amendments are futile, and leave to amend will therefore be denied.

## I.      Factual and Procedural Background

Plaintiffs are both Pennsylvania corporations, which buy, develop, and sell real estate. Shippensburg Compl. ¶ 4; Trinity Compl. ¶ 4.  At some point, the IRS concluded that the Plaintiffs were "alter-egos" of taxpayer Troy A. Beam, who had been subject to multiple tax assessments for the taxable periods from 1997-2006. Shippensburg Compl. ¶¶ 1, 26, 28; Shippensburg Prop. Am. Compl. 27; Trinity Compl. ¶¶ 1, 22-24.  Beam was a shareholder of Shippensburg from 1994-1996. Shippensburg Compl. ¶ 2.  Trinity was formed in 2017 by Attorney Lee Stivale for the benefit of Beam's family. Trinity Compl. ¶ 30.  Both Plaintiffs are clients of the Stivale Law Office. Shippensburg Compl. ¶ 35; Trinity Compl. ¶ 32.

In late June 2019, the IRS filed Notices of Federal Tax Lien against the Plaintiffs as "alter egos" of Troy Beam. Shippensburg Compl. ¶ 28; Trinity Compl. ¶ 24.  Next, on September 26, 2019, the IRS served Notices of Levy upon an escrow account of Plaintiffs' lawyer in which counsel held funds belonging to each of Plaintiffs. Shippensburg Compl. ¶ 34; Trinity Compl. ¶ 29.  The Notices state that "this isn't a bill for taxes you owe.  This is a Notice of Levy we are using to collect money owed by the taxpayer named above." That section refers to "Troy Beam, and/or [Plaintiffs] . . . as alter egos of Troy A. Beam." Shippensburg Compl., Ex. A; Trinity Compl, Ex. C.

In response to the Notices of Levy, the Plaintiffs filed separate actions to quiet title (Count I) and for wrongful levy of taxes (Count II) on October 15, 2019, and October 24, 2019, respectively. Shippensburg Compl. ¶¶ 41-56; Trinity Compl. ¶¶ 36-51.  These actions, in essence, challenge the government's determination that Plaintiffs acted as alter-egos of Beam. Shippensburg Compl. ¶¶ 41-56; Trinity Compl. ¶¶ 36-51.  As relief, Plaintiffs seek to prohibit enforcement of the agency's levies, as well as a return of the property of which the government has taken possession, a judgment for the amount levied upon, and damages in an unspecified amount. Shippensburg Compl. 7-8; Trinity Compl. 7-8.

On October 19, 2020, Plaintiffs filed administrative claims with the IRS for damages. Shippensburg Prop. Am. Compl.  ¶¶ 61, 66, Trinity Prop. Am. Comp. ¶¶ 58, 63.  Just two days later, on October 21, 2020, Plaintiffs filed nearly identical motions to amend their respective complaints, seeking to add two counts for unlawful collection actions under 26 U.S.C. § 7426(h) (Count III) and under 26 U.S.C. § 7433 (Count IV).  ECF No. 13, 19-4775; ECF No. 12, 19-4976.

## II.    Standard of Review

Where the time limits for amending pleadings as a matter of course have expired, "a party may amend its pleading only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2).   The Rule provides that the court should freely give leave when justice so requires, but the court, in its discretion, may deny leave to amend when there is undue delay, prejudice, bad faith, or futility. *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Mullin v. Balicki*, 875 F.3d 140, 149-50 (3d Cir. 2017). Where "it is apparent from the record that . . . the amendment would be futile," leave to amend may be denied. *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "An amendment is futile if the amended

complaint would not survive a motion to dismiss." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000); *see Kanter v. Barella*, 489 F.3d 170, 181 (3d Cir. 2007) (futility alone is sufficient ground to deny leave to amend). "The burden is on the party opposing the amendment to show . . . futility." *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 700 (E.D. Pa. 2007). For present purposes, because futility is determined by the viability of the claim under Rule 12(b)(6), the controlling standard is provided by *Fowler v. UPMC Shadyside*. 578 F.3d 203, 210-11 (3d Cir. 2009).

## III.   Discussion

A. <u>Plaintiffs' Amended Count III for Unlawful Collection Action under 26 U.S.C. § 7426(h) is futile because Plaintiffs have failed to exhaust administrative remedies and have thus failed to obtain a waiver of the Government's sovereign immunity.</u>

1. <u>Sovereign Immunity</u>

Plaintiffs seek to add a count for damages under 26 U.S.C. § 7426(h). Pls.' Mot. to Amend Compl. 3; Shippensburg Proposed Am. Compl. ¶¶ 58-62; Trinity Proposed Am. Compl. ¶¶ 55-59. The Government argues that this amendment would be futile because the Plaintiffs, having filed the instant motion just two days after filing their administrative complaints with the IRS, failed to exhaust administrative remedies, and therefore do not meet the statutory requirements for obtaining a waiver of sovereign immunity. Def.'s Resp. to Pls.' Mot. to Amend Compl. 5-8. I agree.

Under settled principles of sovereign immunity, "the United States, as sovereign, 'is immune from suit, save as it consents to be sued.'" *United States v. Dalm*, 494 U.S. 596, 608 (1990) (internal citations omitted). Moreover "[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . [and] will be strictly construed, in terms of scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal

citations omitted).  Section 7426(h) waives sovereign immunity for plaintiffs who allege harm

resulting from the recklessness or negligence of IRS employees in relation to a wrongful levy.[1]

26 U.S.C. § 7426(h)(1).  But maintaining such a claim comes with the requirement that

administrative remedies be exhausted first. *See* 26 U.S.C. § 7426(h)(2) (incorporating rules of 26

U.S.C. § 7433(d) regarding exhaustion of remedies).

The statute and accompanying regulations set forth by the Department of Treasury are

clear about the prerequisites to maintain an action under Section 7426(h)—and thus the terms by

which the Government consents to be sued. *See* 26 U.S.C. § 7426(h) (citing 26 U.S.C. §

7433(d)); 26 C.F.R. § 301.7426-2(c); 26 C.F.R. § 301.7433-1(d).  First, the controlling statute

states that "a judgment for damages shall not be awarded . . . unless the court determines that the

plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal

Revenue Service." 26 U.S.C. § 7433(d)(1).  Next, the Department of Treasury regulations, which

"specify the administrative remedies to exhaust," state that "no request for damages . . . shall be

maintained in any district court . . . before the earlier of" (i) the date of the administrative

decision rendered on that claim, or (ii) "the date that is six months after the date an

administrative claim is filed." *Venen v. United States*, 38 F.3d 100, 103 (3d Cir.

1994), *abrogated on other grounds by Hassen v. Gov't of Virgin Islands*, 861 F.3d 108 (3d Cir.

---

[1] **(h) Recovery of damages permitted in certain cases.**—

    **(1)  In general.**--Notwithstanding subsection (b), if, in any action brought under this section, there is a finding that any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregarded any provision of this title the defendant shall be liable to the plaintiff in an amount equal to the lesser of $1,000,000 ($100,000 in the case of negligence) or the sum of—

        **(A)**  actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent disregard of any provision of this title by the officer or employee (reduced by any amount of such damages awarded under subsection (b)); and

        **(B)**  the costs of the action.

26 U.S.C. § 7426(h).

2017); 26 C.F.R. § 301.7426-2(c)(1); *see* 26 C.F.R. § 301.7433-1(d)(1).  The regulations also provide for an exception "during the last six months of the period of limitations," where "the claimant may file an action in a district court . . . any time after the administrative claim is filed and before the expiration of the period of limitations." 26 C.F.R. § 301.7426-2(c)(2); *see* 26 C.F.R. § 301.7433-1(d)(2).

Here, Plaintiffs seek to add a claim for damages under Section 7426(h) on October 21, 2020, just two days after filing their administrative complaint.  Shippensburg Prop. Am. Compl. ¶¶ 61, 66, Trinity Prop. Am. Comp. ¶¶ 58, 63.  It is therefore clear that they do not meet the criteria set forth by Section 7433(d) and the accompanying regulations, which allow for a claim against the Government only after the administrative decision has been rendered, or "six months after the administrative claim is filed."  26 C.F.R. § 301.7426-2(c)(1). C.F.R. § 301.7433-1(d)(1).

Nor do the Plaintiffs fall within the exception recognized by the regulation, where a claimant "during the last six months of the period of limitations . . . may file an action in a district court." 26 C.F.R. § 301.7426-2(c)(2); *see* C.F.R. § 301.7433-1(d)(2).  The Notices of Levy were issued in September 2019, which started the running of the two-year statute of limitations.[2] Shippensburg Compl. ¶ 34; Trinity Compl. ¶ 29; *see EC Term of Years Trust v. United States,* 550 U.S. 429, 433–34 (2007) ("Section 7426 'affords the . . . remedy for . . . [a] party *whose property is confiscated* by the IRS to satisfy another person's tax liability.'") (emphasis added) (internal citations omitted); *Shah v. United States*, No. 3:12-CV-119, 2013 WL

---

[2] **(f) Period of limitations—(1) Time for filing.** A civil action under paragraph (a) of this section must be brought in a district court of the United States within two years after the date the cause of action accrues.

**(2) Right of action accrues.** A cause of action under paragraph (a) of this section accrues when the plaintiff has had a reasonable opportunity to discover all essential elements of a possible cause of action.

26 C.F.R. § 301.7426-2(f).

1869095, at *6 (W.D. Pa. May 3, 2013), *aff'd*, 540 F. App'x 91 (3d Cir. 2013) ("In order to state a cause of action . . .  the plaintiff must show that he has a[n] . . . interest in the property levied upon, that his interest . . . is superior to the interest of the United States, and that the levy was wrongful.").  In this case, the last six months of the period of limitations will not be reached until March 2021.  These instant motions, filed on October 21, 2020, do not comply with the regulation.[3] *Id.*

Having failed to meet the exhaustion requirements of Section 7433(d), Plaintiffs cannot maintain their Section 7426(h) claim. *See Barry v. Koskinen*, No. 3:18-CV-14276-BRM, 2019 WL 4297796, at *7 (D.N.J. Sept. 11, 2019) (dismissing plaintiff's claim for failure to exhaust administrative remedies set forth in Section 7433(d)); *Shah*, 2013 WL 1869095, at *7 (dismissing Section 7426 claim and denying motion to amend as futile due to plaintiff's failure to exhaust administrative remedies set forth in Section 7433(d)); *Slutter v. United States*, No. CIV.A. 11-1161, 2012 WL 5960837, at *4 (E.D. Pa. Nov. 29, 2012) ("If these requirements [of Section 7433(d)] are not satisfied, there will be no waiver of sovereign immunity"); *Gray v. United States*, 723 F.3d 795, 798–99 (7th Cir. 2013) ("While exhaustion of administrative remedies is not a jurisdictional prerequisite to suit . . . , exhaustion is still a statutory requirement for recovery [under Section 7433(d)] . . . and a condition of the government's waiver of sovereign immunity."); *Rotte v. United States,* 615 F. Supp. 2d 1347, 1353-54 (S.D. Fla. 2009), *aff'd sub nom. Rotte v. I.R.S.*, 368 F. App'x 73 (11th Cir. 2010) (granting summary judgment where plaintiffs failed to exhaust administrative remedies per Section 7433(d));

---

[3] Even if one assumes that the statute of limitations began to run in June of 2019 when the Notices of Lien were issued, these motions to amend were filed too soon to fall within the exception outlined in the regulation. *See* 26 C.F.R. § 301.7426-2(c)(2). *See Martens v. United States*, No. CIV.A.05 1805 RMC, 2007 WL 2007580, at *3 (D.D.C. July 6, 2007) (holding that Plaintiffs "premature filing cannot be cured by the passage of time. Section 7433 requires a plaintiff to *complete* administrative processes before beginning any judicial proceedings.").

*Zinstein v. United States*, No. 1:13CV633 JCC/IDD, 2013 WL 5504418, at *5 (E.D. Va. Oct. 2, 2013), *aff'd*, 584 F. App'x 100 (4th Cir. 2014) (dismissing plaintiff's claim for failure to comply with the administrative requirements of Section 7433(d)); *Gaines v. United States*, 424 F. Supp. 2d 219, 223-24 (D.D.C. 2006) (dismissing plaintiff's claims against IRS for failure to comply with administrative requirements of Section 7433(d)).

      I am not persuaded by Plaintiffs' arguments to the contrary.  First, Plaintiffs argue that because administrative exhaustion is not jurisdictional, the statutory administrative exhaustion requirements "need not be satisfied for the district court to entertain claims under Section 7426." Pls.' Reply 3 (citing *Hassen v. Gov't of the Virgin Islands*, 861 F.3d 108 (3d Cir. 2017)). Plaintiffs contend that *Hassen* allows them to proceed with an action under Section 7426(h) so long as they do not receive an award of damages until they have exhausted their administrative remedies. Pls.' Reply 3-4.  In advancing this position, Plaintiffs would have me focus on one aspect of *Hassen* while ignoring an equally salient point.  *Hassen* itself reiterates that "a taxpayer must exhaust the administrative remedies set forth in § 7433(d). While such exhaustion is not a jurisdictional requirement, it is mandatory." 861 F.3d at 111.  Indeed, *Hassen* cites *Kim v. United States* for the proposition that Section 7433(d) is an affirmative defense, *id.* at 114 (citing 632 F.3d 713, 718 (D.C. Cir. 2011)), and one which the Government rightfully asserts.

      Plaintiffs simply ignore the clear language of the regulations, which prevent them from "maintain[ing]" an action under Section 7426(h), absent compliance with requirements that they have clearly not met.  *See* 26 C.F.R. § 301.7426-2(c)(1); C.F.R. § 301.7433-1(d)(1).  At least one court in this Circuit, citing *Hassen*, has already found that the failure to exhaust administrative remedies required by Section 7433(d) is sufficient grounds for dismissing a claim by virtue of sovereign immunity. *See Barry*, 2019 WL 4297796, at *7 (citing *Hassen*, 861 F.3d at 114).

In short, the cases cited by the Government remain persuasive, despite having been decided prior to *Hassen*.  Ultimately, though the defense of sovereign immunity may not be jurisdictional in the context of failure to exhaust, it remains a viable affirmative defense. *See Barry*, 2019 WL 4297796, at *7; *Shah*, 2013 WL 1869095, at *7; *Slutter*, 2012 WL 5960837, at *4; *Gray v. United States*, 723 F.3d at 789-99; *Rotte,* 615 F. Supp. 2d at 1354; *Zinstein*, 2013 WL 5504418 at *5; *Gaines*, 424 F. Supp. 2d at 223-24.

Next, Plaintiffs argue that the authority cited by the Government is distinguishable, involving taxpayers who had not yet filed administrative claims when they filed their claims in federal court. Pls.' Reply 6-7; *see Shah*, 2013 WL 1869095, at *7; *Slutter*, 2012 WL 5960837, at *4; *Gray v. United States*, 723 F.3d at 789-99; *Rotte,* 615 F. Supp. 2d at 1354; *Zinstein*, 2013 WL 5504418 at *5; *Gaines*, 424 F. Supp. 2d at 223-24.  I disagree.

First, the Plaintiffs' summary of the relevant decisions is not entirely accurate.  For example, the plaintiff in *Zinstein* had in fact filed an administrative complaint some months prior to filing claims in federal court, but still suffered dismissal. 2013 WL 5504418 at *1-2, 5. Second, rather than contend with the clear language of the regulation, which speaks to would-be plaintiffs' ability to "maintain[]" an action, Plaintiffs have opted simply to ignore it, despite Third Circuit precedent to the contrary. 26 C.F.R. § 301.7426-2(c); *see* 26 C.F.R. § 301.7433-1(d); *see also Venen v. United States*, 38 F.3d at 103 ("Treasury regulations specify the administrative remedies to exhaust.").[4]  Plaintiffs, despite having filed an administrative complaint, simply did not comply with the requirements of Section 7433(d) as stated in the

---

[4] As noted above, *Hassen* abrogated *Venen*, but not as to the requirement of exhaustion. *See* 861 F.3d at 111, 114.

relevant regulations, having filed these motions only two days later. *See* 26 C.F.R. § 301.7426-2(c)(1); 26 C.F.R. § 301.7433-1(d)(1); *Zinstein*, 2013 WL 5504418 at *5.[5]

2. Judicial Estoppel

Finally, Plaintiffs argue that principle of judicial estoppel should prevent the Government from holding them to the clear language of the regulation, arguing that it has taken an inconsistent position in past litigation. Pls.' Reply 4-6. I strongly disagree.

Under the doctrine of judicial estoppel, "where a party assumes a . . . position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, *especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him*." *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (emphasis added). "Because the rule is intended to prevent 'improper use of judicial machinery,' . . . judicial estoppel 'is an equitable doctrine invoked by a court at its discretion.'" *Id.* at 750 (internal citations omitted). The Third Circuit has "consistently stated that the doctrine should only be applied to avoid a miscarriage of justice." *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 319 (3d Cir. 2003). It has also laid out a number of considerations in determining whether to employ this equitable doctrine:

---

[5] Plaintiffs further cite two district cases from other circuits, neither of which I find persuasive. First, attempting to support the proposition that they can maintain an action under Section 7426(h) without exhausting administrative remedies, they cite *Gass v.United States Dep't of the Treasury*, 1999 U.S. Dist. LEXIS 4009, at *29-30 (D. Colo. 1999). There, a magistrate judge recommended that failure to exhaust should not bar a claim, but the claim was abandoned and this question never addressed by the district court. *Id.*

Second, Plaintiffs cite *Poplawski v. Comm'r of IRS*, 2013 U.S. Dist. LEXIS 105919, at *5-6 (S.D. Ohio July 29, 2013). There, however, the claimants had affirmatively pleaded exhaustion. *Id.* Here, because Plaintiffs allege that they filed administrative claims only two days prior to filing the instant motions, under the controlling test of plausibility, *Fowler*, 578 F.3d at 211, I construe that as a tacit admission that the plaintiffs have not exhausted their administrative remedies.

> First, the party to be estopped must have taken two positions that
> are *irreconcilably inconsistent.* Second, judicial estoppel is unwarranted unless
> the party *changed his or her position "in bad faith* –i.e., with intent to play fast
> and loose with the court." Finally, a district court may not
> employ judicial estoppel unless it is "tailored to address the harm identified"
> and *no lesser sanction would adequately remedy the damage* done by the litigant's
> misconduct.

*Krystal Cadillac*, 337 F.3d at 319.  The Supreme Court has also set forth several factors to be

considered before invoking the doctrine. *New Hampshire*, 532 U.S. at 750-51.  First, the "party's

later position must be 'clearly inconsistent' with its earlier position." *Id.* (internal citations

omitted). "Second, courts regularly inquire whether the party has succeeded in persuading a

court to accept that party's earlier position, so that judicial acceptance of an inconsistent position

in a later proceeding would create 'the perception that either the first or the second court was

misled.'" *Id*. (internal citations omitted).  "A third consideration is whether the party seeking to

assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on

the opposing party if not estopped." *Id.* at 751.

        In the broadest sense, Plaintiffs have failed at the outset to establish that the Government

has taken an inconsistent position in this litigation than it has taken in previous litigation—let

alone a position that is "irreconcilably inconsistent." *Krystal Cadillac*, 337 F.3d at 319.  They

cite *Politte v. United States*, arguing that some twelve years ago the Government took a different

position in the Southern District of California.  No. 07-CV-1950-JLS (CAB), 2008 WL

11338361, at *1 (S.D. Cal. Dec. 15, 2008).  In *Politte*, the parties agreed that the plaintiffs failed

to exhaust their administrative remedies under Section 7426(h), but also agreed that "[o]nce

Plaintiff's administrative claims are filed with the IRS, Plaintiffs' Damages Claims . . . may be

maintained in this Court" under the exception outlined in 26 C.F.R. 301.7426-2(c)(2). *Id*.  As

explained above, Plaintiffs' claims here would not even be eligible for the exception utilized in

*Politte* until March 2021.  To that degree, the Government's refusal to offer an accommodation here is not irreconcilably inconsistent with the position it took in *Politte*. *See* 26 C.F.R. 301.7426-2(c)(2); 2008 WL 11338361, at *1.  More recently, in *Shah, supra,* a case within this Circuit, the Government clearly took the same position it takes here. 2013 WL 1869095, at *7 (dismissing Section 7426 claim without leave to amend, since motion to amend would be futile due to plaintiff's failure to exhaust administrative remedies).  Plaintiffs can hardly be said to have justifiably relied on *Politte*, a district court opinion in the Ninth Circuit, or that such reliance imposed an "unfair detriment" on them. *New Hampshire*, 532 U.S. at 751; *see Politte*, 2008 WL 11338361, at *1.

In practice, the position taken by government agencies in different cases very much depends on the facts.  Holding them to a single position nation-wide over long periods of time would needlessly constrain their exercise of prudent discretion.  Typically, therefore, the doctrine of judicial estoppel is applied in litigation involving the same parties. *See New Hampshire*, 532 U.S. at 749; *Krystal Cadillac*, 337 F.3d at 319 ("[A] plaintiff, who has obtained relief from an adversary by asserting and offering proof to support one position, may not be heard later . . . to contradict himself in an effort to establish against the same adversary a second claim inconsistent with his earlier contention") (internal citations omitted).

Because Plaintiffs could not survive a motion to dismiss for their proposed amended claim under Section 7426(h), I will deny Plaintiffs' motions seeking to add a cause of action under that provision.  *See Kanter*, 489 F.3d at 181.[6]

B. Plaintiffs' Amended Count IV for Unlawful Collection Actions under 26 U.S.C. § 7433 is futile because Plaintiffs are not the "taxpayer" entitled to relief.

---

[6]In their proposed amended complaints, Plaintiffs summarily plead that filing administrative claims would have been futile, without providing any reasoning. Shippensburg Prop. Am. Compl. ¶ 67; Trinity Prop. Am. Compl. ¶ 63. They have not further addressed futility in any submission to the court.

Plaintiffs also seek to add a count for unlawful collection action under 26 U.S.C. § 7433. Pls.' Mot. to Amend Compl. 3; Shippensburg Proposed Am. Compl. ¶¶ 63-67; Trinity Proposed Am. Compl. ¶¶ 60-63.  The Government argues that such amendment would be futile because it has sovereign immunity with regard to claims brought under Section 7433, unless they are brought by the taxpayer "whose *own* tax liabilities are being collected on by the IRS." Def.'s Resp. to Pls.' Mot. to Amend Compl. 4-5.  The Notices of Levy issued here were "to satisfy money owed by Beam." Shippensburg Compl. ¶ 28, 48; Trinity Compl. ¶¶ 24, 43.  Given the plain language of Section 7433, and numerous decisions from other circuits holding that Section 7433 is a remedy solely for the taxpayer who is "the target of the IRS' collection efforts," I am persuaded that such claims would be futile.  *Allied/Royal Parking L.P. v. United States*, 166 F.3d 1000, 1004 (9th Cir. 1999).

Section 7433 is unambiguous as to who may bring a claim against the Government and under what circumstances:

> If, *in connection with any collection of Federal tax with respect to a taxpayer*, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, *such taxpayer* may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C.A. § 7433(a) (emphasis added).  In other words, only the taxpayer who is the "target of the IRS's collection efforts" may bring a claim under Section 7433. *Allied/Royal Parking L.P. v. United States*, 166 F.3d 1000, 1004 (9th Cir. 1999) ("courts have almost universally held that section[] . . . 7433 only appl[ies] to the individual against whom the IRS is trying to collect.")*; Munaco v. United States*, 502 F. Supp. 2d 614, 617 (E.D. Mich. 2007), *aff'd*, 522 F.3d 651 (6th Cir. 2008) (establishing a cause of action under Section 7433 "require[s] that the plaintiff be the 'tax payer' from whom the IRS collected the tax; that is, the direct taxpayer, not a

third-party") (internal citations omitted); *Progressive Bank & Tr. Co. v. Moore*, No. CIV. A. 90-1918, 1991 WL 55790, at *2 (E.D. La. Apr. 8, 1991), *aff'd*, 988 F.2d 1209 (table) (5th Cir. 1993) (dismissing plaintiff's claim under Section 7433 because a cause of action under that section "is limited to only those taxpayers against whom the I.R.S. is attempting to collect.").

Plaintiffs agree that the Notices of Levy explicitly state they were issued "to satisfy money owed by Beam." Shippensburg Compl. ¶ 28, 48; Trinity Compl. ¶¶ 24, 43.  The underlying liens were based on tax assessments against Beam from 1999-2006. Shippensburg Compl. ¶¶ 1, 26, 28; Shippensburg Prop. Am. Compl. 27; Trinity Compl. ¶¶ 1, 22-24. Their theory of the case is that they are entities that exist entirely apart from Beam, which necessarily means that they are not the "taxpayer."  *See* 26 U.S.C.A. § 7433(a).  Plaintiffs have therefore failed to demonstrate a "plausible claim for relief" under Section 7433.  *Fowler*, 578 F.3d at 211; *see Allied/Royal Parking,* 166 F.3d at 1003; *Munaco*, 502 F. Supp. 2d at 617; *Moore*, 1991 WL 55790, at *2.

Because Plaintiffs could not survive a motion to dismiss for their proposed amended claim under Section 7433, I will deny Plaintiffs' motions to the extent that they seek to add a cause of action under that provision. *See Kanter*, 489 F.3d at 181 (futility alone is sufficient ground to deny leave to amend).

## IV.    Conclusion

Plaintiffs' motions to amend their complaints will be denied.  An appropriate Order will be entered in each action.


/s/Gerald Austin McHugh__
United States District Judge