IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHIPPENSBURG URBAN DEVELOPERS** | : : : | |
| v. | : : | CIVIL ACTION NO. 19-4775 |
| **UNITED STATES OF AMERICA** | : | |

| | | |
|---|---|---|
| **TRINITY HOUSING, INC.** | : : | |
| v. | : : | CIVIL ACTION NO. 19-4976 |
| **UNITED STATES OF AMERICA** | : : | |

**McHUGH, J.**                                                                                               **July 18, 2022**

**MEMORANDUM**

      Defendant United States of America has brought a third set of motions to compel Plaintiffs Shippensburg Urban Developers ("SUD") and Trinity Housing Inc. ("Trinity") to produce Rule 30(b)(6) and Rule 45 third-party witnesses Debbie Beam, Tiffany Beam, and Trevor Beam for depositions.  No. 19-4976, ECF 37 (against Trinity); No. 19-4775, ECF 40 (against SUD).[1]  The Government has also moved to extend discovery deadlines in response to Plaintiffs' ongoing refusal to respond to discovery in a timely manner.  No. 19-4976, ECF 38; No. 19-4775, ECF 41.  Plaintiffs have not responded to the ripe motions to compel.  And on a

---

[1] During the telephone conference held today, counsel for the Government also moved to compel the individual Rule 45 deposition of Debbie Beam, President of SUD and controlling member of Trinity. Debbie Beam appears to be the designated Rule 30(b)(6) representative of both SUD and Trinity. Gov't Br. at 2 n.1.  After negotiation between counsel, she was scheduled to be deposed in her individual capacity this morning, July 18.  She did not appear.  Counsel for the Plaintiffs did not offer any reasons for why she should not be compelled to attend a deposition in her individual capacity.

In light of my "broad discretion to manage discovery," *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995), and the lack of prejudice to Plaintiffs, who have thus far obstructed basic and legitimate discovery, I will consider the Government's oral motion in the present opinion and grant relief to include the individual deposition of Debbie Beam in addition to the other relief requestion in the Government's paper filings.

teleconference held today, which the Court scheduled in order to understand why Plaintiffs were repeatedly failing to comply with their discovery obligations, counsel for Plaintiffs did not offer any reason why the Government's request for an extension should not be granted.

It is evident that the Government has a right to depose 30(b)(6) witnesses of the Plaintiffs in an action where the corporate structure is a key element of the case. The Government likewise has the right to depose, as individuals under Rule 45, agents and members of Plaintiff entities who possess factual knowledge relevant to Plaintiffs' claims or the Government's defenses, which includes Tiffany Beam, Trevor Beam, and Debbie Beam here. The Government has made multiple good faith efforts to schedule and reschedule depositions of these individuals and the Plaintiffs corporate representatives. On at least four occasions, deponents have canceled at the last minute or simply walked out of scheduled depositions. They have further failed to provide additional dates of availability.[2] This is unacceptable. Following the Government's request, I will order Plaintiffs and third-party deponents to provide dates which they will be available to appear and to then appear and testify following the scheduling of those depositions.

The Government notes that Plaintiffs' counsel has indicated that individual deponents may assert their Fifth Amendment right against self-incrimination. Plaintiffs and deponents are reminded that privilege objections, including those falling under the Fifth Amendment, must be asserted on a question-by-question basis, and are not grounds for wholesale objections to appearing at a deposition. *Nat'l Life Ins. Co. v. Hartford Acc. & Indem. Co.*, 615 F.2d 595, 599 (3d Cir. 1980). Furthermore, "reliance on the Fifth Amendment in civil cases may give rise to an adverse inference against the party claiming its benefits." *S.E.C. v. Graystone Nash, Inc.*, 25 F.3d 187, 190 (3d Cir. 1994).

---

[2] This apparently mirrors conduct in parallel litigation in the Middle District of Pennsylvania. *See Alvarado v. SUD*, 1:19-cv-2236 (M.D. Pa.).

These cases were filed by the Plaintiffs almost three years ago to avoid tax liens filed by the IRS, which were imposed based on the IRS's conclusions that the Plaintiff entities were in fact alter egos of Troy A. Beam, who was severely delinquent in paying his tax assessments.  As in civil cases generally, to prevail it is the Plaintiffs who bear the burden of proof. Yet based upon the papers filed related to these several discovery motions and representations of counsel on today's teleconference, it is not clear to me that Plaintiffs appreciate this burden or appreciate that their obligation to participate in the discovery process in good faith is a prerequisite of accessing this forum to vindicate their alleged rights.  This case is approaching its third anniversary. Further delays, obstruction, or other abuse of the discovery process will result in the imposition of sanctions for the Plaintiffs, which, given their lack of good faith in prosecuting this action, may include dismissal of these cases.

I will therefore grant all the Government's pending motions to compel discovery and extend deadlines.  Appropriate orders follow.

/s/ Gerald Austin McHugh  
United States District Judge